Johnny J. WOOLEY, Plaintiff–
Appellant,

v.

Donal CAMPBELL, Commissioner,
Tennessee Department of Corrections;
Jim Rose; Fred Raney; Ron Bloeb-
aum; Don Sundquist, Defendants–Ap-
pellees.

No. 02–6214.

United States Court of Appeals,
Sixth Circuit.

March 27, 2003.

Before NORRIS and BATCHELDER,
Circuit Judges; and BARZILAY, Judge.*

*ORDER*

Johnny J. Wooley, a Tennessee prisoner
proceeding pro se, appeals a district court
judgment dismissing his civil rights com-
plaint filed pursuant to 42 U.S.C. § 1983.
This case has been referred to a panel of
the court pursuant to Rule 34(j)(1), Rules
of the Sixth Circuit. Upon examination,
this panel unanimously agrees that oral
argument is not needed. Fed. R.App. P.
34(a).

Wooley sues Tennessee Department of
Correction ("TDOC") Commissioner Donal
Campbell, Assistant Commissioner Jim
Rose, Northwest Correctional Complex
("NWCC") Warden Fred Raney, NWCC
Health Administrator Ron Bloebaum, and
Tennessee Governor Don Sundquist.
Wooley alleges that he has Hepatitis C but
is denied medication to improve his quality
of life or retard the progression of the
disease. Wooley alleges that he has never
been allowed to see Center of Disease
Control personnel or an infectious disease
specialist. He alleges that his liver en-
zyme levels are monitored through blood
work at NWCC.

Wooley alleges that he arrived in TDOC
custody in a wheelchair with casts on both
legs and hardware in his ankles. He al-
leges that an orthopedic doctor at the Spe-

* The Honorable Judith M. Barzilay, United
States Court of International Trade, sitting by
designation.

cial Needs Facility ordered air splints for his ankles, a tens unit, and a cam walker boot prior to his transfer to NWCC. He alleges that he has never received those prescribed articles or alternatives. He alleges that NWCC medical personnel discontinued his previously prescribed medication for pain and stiffness. He seeks declaratory and monetary relief. The defendants are sued in their individual capacities.

The district court dismissed the complaint as frivolous and for failure to state a claim upon which relief may be granted. The dismissal was pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This appeal followed.

We review de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A case is frivolous if it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *See Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998).

Upon review, we conclude that the district court properly dismissed Wooley's complaint as frivolous and for failure to state a claim upon which relief may be granted. In order to prevail on his Eighth Amendment claim, Wooley must establish that the defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, the Constitution does not prohibit medical malpractice. *Estelle*, 429 U.S. at 104–06. A difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action. *Id.* at 107. Federal courts are reluctant to second guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment. *See Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Here, Wooley admits that he received medical evaluation and care by NWCC medical staff. It is clear, moreover, that Wooley had access to medical services at NWCC, but that he was simply dissatisfied with the diagnosis and decisions of NWCC with regard to his need for treatment and type of treatment. Even if NWCC medical personnel were mistaken in their evaluation of Wooley's conditions and needs, this would amount at most to medical malpractice. As stated previously, medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle*, 429 U.S. at 104–06. Thus, Wooley's complaint fails to state a claim, lacks an arguable basis either in law or fact, and is therefore, frivolous. *See Neitzke*, 490 U.S. at 325; *Turker*, 157 F.3d at 456.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.